**WEST, ELSBERRY, LONGENBAUGH & ZICKERMAN, P.L.L.C.**
310 So. Williams Blvd., Ste. 250
Tucson, AZ 85711
(520) 790-7337
FAX (520) 748-0852
Joseph@welzaz.com

**Joseph N. Mendoza**
Pima County Computer No. 66792
State Bar of Arizona No. 022238
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BILL WARD<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE CARE CENTERS OF AMERICA, INC.<br><br>    Defendants. | Case No. CV 16-741-TUC-RCC (JR)<br><br>**AMENDED COMPLAINT**<br><br>*Assigned for all purposes to:*<br>*Hon. Jacqueline Rateau* |

**I.**

The Plaintiff, BILL WARD (hereinafter "Plaintiff"), is an individual who resides in Cochise County, Arizona.

**II.**

The Defendant, LIFE CARE CENTERS OF AMERICA, INC., (hereinafter "Defendant"), is a corporation incorporated under the laws of Tennessee, with the place of business located at 2305 East Wilcox Drive, City of Sierra Vista, State of Arizona.

**III.**

On September 2, 2014 Plaintiff became employed by the Defendant as a Maintenance Supervisor at the Defendant's place of business in Sierra Vista, Arizona. The parties' employment relationship was at-will. Plaintiff was continuously employed by the Defendant through October 14, 2015.

**IV.**

On September 4, 2015 the oxygen room was inspected by an inspector with the Arizona Department of Health Services, and was found to be out of compliance with the standard for Health Care Facilities, specifically NFPA 101[0] Life Safety Code, 2000, Chapter 19, Section 19.3.2.4. The NFPA 101, Life Safety Code, which is incorporated by reference, under Title 9, Chapter 1 Department of Health Services Administration Article 4, Codes and Standards Referenced Arizona Administrative Code, specifically A.A.C. R-9-1-412(A)(2)(a)., where it states in part that,

> "The following physical plan health and safety codes and standards are incorporated by reference as modified, are on file with the Department, and include no future editions or amendments. (2) The following National Fire Codes (2012), published by and available from the National Fire Protection Association, 1 Betterymarch Park, Quincy, MA 02269, and at www.nfpa.org/catalog:
> b. NFPA 101 Life Safety Code,…"

In addition, under Title 9, Chapter 10 Department of Health Services Health Care Institutions: Licensing Arizona Administrative Code, R-9-10-426 Physical Plant Standards it states that,

> "A. An administrator shall ensure that: 1. A nursing care institution complies with:
> b. The requirements for Existing Health Care Occupancies in National Fire Protection Association 101, Life Safety Code, incorporated by reference in A.A.C. R-9-1-412."

Title 36 of the Arizona Revised Statutes controls the certification, licensing and monitoring of health care facilities, including long-term care facilities, such as the facility that the Plaintiff, BILL WARD worked in.

The regulations mentioned and adopted under Title 36 of the Arizona Revised Statutes are those regulations adopted under A.A.C. Title 9.

There are three separate statutes that deal with violations under title 36 and include violations of the regulations adopted by the Arizona Department of Health Services.

A.R.S. sec.36-140 states that, "A person who violates a provision of this article, or a regulation adopted pursuant to this article, is guilty of a class 3 misdemeanor for each

violation. In the instance of continuing violation, each day constitutes a separate offense."

In addition, A.R.S. sec.36-431.01 lays out the civil penalties for violations of statutes or rules, which includes threats to health and safety, and the penalty to be not in excess of $500.00 for each violation, each day constituting a separate violation.

In addition, A.R.S.sec. 36-431 states that, "A. A person is guilty of a class 3 Misdemeanor who:

1. Establishes, operates or maintains any class or subclass of health care institution, as defined in this chapter, unless the person holds a current and valid license fur such class or subclass from the department.
2. Knowingly violates any provision of this chapter unless another classification is specifically prescribed in this chapter.
B. Each day that a violation continues shall constitute a separate violation."

The Plaintiff, BILL WARD, was told by the state inspector to add another rack for oxygen tanks and that they were in violation of the regulations. The Plaintiff believed that the Life Care Center was in violation of the above mentioned Life Safety Code as adopted by the Department Health Services and Arizona State statutes' that either made it a crime to be in violation or caused a civil penalty or result in the care facility being shut down. And he gained this knowledge by being specifically told by the state inspector which regulation they were in violation of, which led him to believe they were in violation of state law.

The regulation specifically required that "If stored within the same enclosure, empty cylinders shall be segregated from full cylinders. Empty cylinders shall be marked to avoid confusion and delay if a full cylinder is needed hurriedly." See NFPA 99, Chapter 4, Section 4-3.5.2.2(a)(2). The Plaintiff informed Joe Renn that adding a third rack was being specifically requested by the inspector with the Arizona Department of Health Services to comply with these regulations. The Plaintiff took affirmative steps to meet with the State Inspector during and after the inspection and to investigate and rectify the violations that the oxygen room had in not properly segregating the oxygen tanks.

V.

On October 12, 2015, Joe Renn, the maintenance director for the Defendant at Sierra

Vista facility, informs the Plaintiff, BILL WARD, to take down third rack that was just built to comply with the specific instructions of the state inspector. The Plaintiff told his supervisor that this will violate the directive of the state inspector and the regulation and poses a health risk to patients, and that the new rack should stay put and that this could result in the facility being shut down by the State of Arizona. Joe Renn nevertheless demanded that the Plaintiff take the third rack marked partial down.

## VI.

On October 14, 2015 the Plaintiff does take the third rack down but only after complaining to the Defendant (Joe Renn) that doing so is in violation of the directive specifically given to him by the state inspector on September 4, 2014.

## VII.

On October 14, 2015, Joe Renn, his direct superior and supervisor, calls him into his office and terminates him. BILL WARD asks his superior Joe Renn why he is being fired, and Joe Renn states because of the oxygen room. At this time the Plaintiff was earning $24.23 per hour in his employment with the Defendant.

## VIII.

Defendant, acting through Joe Renn, terminated the Plaintiff in retaliation for Defendant insisting that the oxygen room be built to the specific directives of the state inspector.

## IX.

The public policy of the State of Arizona forbids employers from terminating employees in retaliation for an employee trying to adhere to state regulations that protect the well-being of the elderly in facilities that care for the elderly. The Plaintiff was trying to perform an act that public policy would encourage and which state regulations have demanded. The Plaintiff attempted to correct the problems with the oxygen room, which fall within the protection of the elderly patients at the life care center. The mislabeling of oxygen tanks can result in the harm or death of the many patients in the life care center that are on oxygen.

**X.**

The Defendant owed the Plaintiff an implied covenant of good faith and fair dealing when dealing with him as their employee. This implied covenant of good faith and fair dealing was broken when the Defendant, through their agent and his supervisor, terminated his employment for bad cause.

**XI**

Plaintiff was physically able to resume employment on October 15, 2015. However, Plaintiff was unable to obtain new employment until July, 2016.  Plaintiff is currently employed for Department of Corrections in the City of Douglas, State of Arizona. Plaintiff currently earns $17.97 per hour, for the entire duration of this employment.

**WHEREFORE,** Plaintiff BILL WARD, prays for judgment against Defendant LIFE CARE CENTERS OF AMERICA as follows:

1. Lost wages, for the period of October 14, 2015 to date of trial, in the approximate sum of $40,978.56.
2. Future lost wages in the approximate sum of $151,441.92.
3. Damages for the extreme emotional distress sustained by the Plaintiff as a result of the Defendant's unlawful, malicious, and capricious conduct, in the sum of $250,000.00.
4. Costs of suit and such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 6th day of January, 2017.

                        **WEST, ELSBERRY, LONGENBAUGH & ZICKERMAN, P.L.L.C.**

            **By:**    */s/ Joseph N. Mendoza*
                      **JOSEPH N. MENDOZA**
                      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th of January, 2017, I electronically transmitted the attached document to the Clerk of the Court's office using the CM/ECF System for document filing, and delivered a copy of the foregoing via U.S. Mail delivery and e-mail transmission to the following:

Stephanie J. Quincy
Lindsay J. Fiore
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
E-mail: Stephanie.Quincy@Quarles.com
[AND]
Lindsay.Fiore@Quarles.com
Attorneys for Defendant

By: /s/ April Brennan, C.P.
Certified Paralegal to Joseph Mendoza, Esq.
West, Elsberry, Longenbaugh & Zickerman, P.L.L.C.